BROWN, Chief Judge,
concurring and dissenting.
I,The WCJ dismissed all claims based on res judicata. The majority opinion reverses the WCJ’s ruling as to indemnity benefits; however, with little or no explanation, the majority found that res judica-ta barred recovery of any medical benefits. I disagree with this court’s affirmation of the dismissal of the medical benefits claim. In Reynolds # 1 this court’s opinion did not specifically deny medical benefits, nor did it mention past or future medical costs, except to note that all medical expenses had been paid up to the time that defendant filed to terminate indemnity benefits due to fraud. In fact, this court stated in Reynolds # 1 that “Fox is not barred from seeking a modification of this award for prospective benefits due to any relevant change in her condition.”
In Jackson v. Iberia Parish, supra at 524-25, as quoted by the majority, the supreme court wrote:
Additionally, we have previously recognized that the principles of res judicata “are not ironclad, but must be applied to accomplish justice in the light of public policy.” Consequently, when determining whether Jackson’s present petition for modification is barred by the exception of res judicata such a determination must be made with the recognition that the Legislature, through LSA-R.S. 23:1310.8 B, has taken affirmative steps to provide claimants with a cause of action to modify a prior award of compensation due to an alleged change in condition.
In that case, Jackson filed a third claim, styled “A Motion to Modify,” alleging that his medical condition had worsened to the point where surgery was necessary to prevent irreparable nerve damage. As stated, the supreme court refused to apply res judicata to bar Jackson’s new claim for medical and indemnity benefits. Similarly, in the case presently before us, I find that |2because Fox alleges a change in her condition, as well as additional medical expenses, her claim for both indemnity and medical benefits should not be barred by res judicata.